**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

|                                         |     |                              |
|-----------------------------------------|-----|------------------------------|
|                                         | *   |                              |
| **THE UNITED STATES OF AMERICA**        |     |                              |
|                                         | *   |                              |
| **v.**                                  |     | **Criminal No.: WDQ-13-0192** |
|                                         | *   |                              |
| **GREYLING CHASE**                      |     |                              |

\* \* \* \* \*

**DEFENDANT'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S**
**MOTION TO ADMIT EVIDENCE UNDER FEDERAL RULE OF EVIDENCE 404(b)**

The Defendant, Greyling Chase, through counsel, Jonathan P. Van Hoven, hereby responds

in opposition to the Government's motion to admit evidence under Federal Rule of Evidence 404(b),

and in support thereof respectfully submits the following:

**A.    Background**

Based on a review of discovery received to date, much of the Government's case against the

Defendant will rely upon the testimony of cooperating witnesses, along with monitored phone calls,

audio and video recordings.  The government, anticipating an entrapment defense,  seeks permission

to prove <u>current</u> predisposition to commit the crime charged by introducing  "...<u>all</u> of the

Defendant's prior bad acts..."(Government's Memorandum, Document 80, page 4) (emphasis

added).  The prior acts proffered by the government include a 24 year old conviction for a street

robbery, an even more dated non-violent breaking and entering conviction from the 1970's (when

the Defendant, now 54,  was 18), and a non-violent burglary conviction from approximately 10 years

ago.   The government has not proffered, what, if any proven facts it seeks to elicit with regard to

any of theses matters.

The government further seeks to "introduce evidence of his membership and rank in the

BGF..." (Government's Memorandum, Document 80, page 1). Again, this request is made without offering any details about what, if any, facts about the <u>Defendant's</u> specific affiliation with the BGF it intends to elicit as relevant to the issue of predisposition to commit the particular acts charged in the case at bar.

The Government's proffered justification for its request pursuant to Rule 404(b) is to rebut an entrapment defense. For reasons set forth below and at a hearing on this matter, this request should be denied.

**B.     Law**

When the Government seeks to offer prior bad acts to show intent, such evidence is not admissible when the act is "tenuous and remote in time from the charges in the indictment." *United States v. Hernandez*, 975 F. 2d 1035, 1039(4th Cir. 1992)(quoting *United States v. Cole*, 491 F. 2d 1276, 1279 (4th Cir. 1974), reversing a conviction due to impermissible admission of 404(b) evidence). The Government's request therefore necessitates a careful consideration of the potential prejudicial effect of the admission of this evidence because this Circuit has stated that it would "not hesitate to reverse on the basis of a trial court's admission of evidence where it appears that the evidence should have been excluded under the Federal Rules of Evidence and that such admission prejudiced a defendant's trial." *United States v. Ham*, 998 F.2d 1247, 1252 (4th Cir. 1993). *See also United States v. Beahm*, 664 F.2d 414 (4th Cir. 1981).

Additionally, this Circuit has recognized that "the broad discretion generally given to trial judges in regulating the admissibility of evidence is, under Rule 404(b), <u>more</u> restricted." *United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997)(Emphasis added). The Government has cited non-binding and unpublished opinions supporting its position that Rule 404(b) is a rule of inclusion

with regard to <u>relevant</u> prior bad acts when rebutting an entrapment defense. However, the benchmark case of *Queen* clarified the test to be used in this Circuit when determining admissibility of 404(b) evidence:

> Thus, we hold that evidence of prior acts becomes admissible under Rules 404(b) and 403 if it meets the following criteria: (1) The evidence must be relevant to an issue, such as an element of the offense, and must not be offered to establish the general character of the defendant.  In this regard , the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or element of the offense.  (3) The evidence must be reliable.  And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the fact-finding process

.
*Id.* at 997.

This simple test has resulted in the reversal of cases involving the admission of prior bad acts that are not similar to the crime at issue.  *See, e.g. United States v. Johnson,* 617 F.3d 286, 297 (4th Cir. 2010) ("The fact that a defendant may have been involved in drug activity in the past does not in and of itself provide a sufficient nexus to the charged conduct where the prior activity is not related in time, manner, place, or pattern of conduct."); *See also United States v. Madden*, 38 F.3d 747, 752 (4th Cir. 1994)("Just as a need to buy a pocket radio would not be admitted to establish motive to commit bank robbery, so too we do not believe that evidence of occasional drug use should be admitted.").

**C.    Argument**

The Government's position is that a possible entrapment defense, requiring a lack of predisposition on the part of the Defendant to commit such a large-scale, high-dollar drug dealer rip-off caper somehow justifies a need for opening the floodgates of Rule 404(b) evidence. In this case, any probative value of the enumerated prior bad acts is so remote that its value is far outweighed by

the prejudicial effect on the defendant's right to a fair trial. Additionally, under the standards set forth by *Queen*, the proffered evidence is completely unnecessary.

In what is arguably a relatively straightforward prosecution of a reverse-sting conspiracy to rob a fictitious drug dealer, the possible introduction of the prior irrelevant conduct will add little value to the jury's need to hear relevant evidence. The introduction of these prior bad acts will, however, allow the Government to improperly impugn the Defendant's character at a time when it has not yet been placed in issue. Essentially, the Government will be allowed to cast the defendant as someone who must have a predisposition to engage in the current activity since, according to the Government, he's been engaged in an assortment of old and irrelevant crimes, almost all of them non-violent. As an example, the government incorrectly suggests that a robbery incident from 24 years ago is relevant to whether he has a current predisposition to do so. Moreover, the government has not established how, if at all, the proven facts in the prior robbery case from 1990 is similar in any way and thus possibly relevant to the government-concocted reverse sting plot here: A scheme to rob large scale (10 kilograms of cocaine) drug dealer who happens to also like to torture his girlfriend with lit cigarettes. Evidence of the Defendants' prior decades-old convictions and other non-violent conduct will only serve to unfairly prejudice the jury.

As for the Defendant's alleged affiliation with the BGF, the Government should be required to proffer exactly what facts about his particular association with the BGF is relevant to the crimes charged here. For example, the Government has not offered any evidence to date that suggests that as a member of the BGF, the Defendant has actually engaged in conduct similar to these charges. The fact that some other members of the BGF may have engaged in relevant criminal conduct does not mean that the Defendant had a propensity to commit such a crime at the time of his arrest in this

case.

**D.    Conclusion**

In sum, the prior conduct that the Government is seeking to introduce in this case has little, if any, probative value.   The alleged prior bad acts predate the current  matter by many years and no logical conclusion can be drawn from connecting the two time periods.  Lastly, when weighing the questionable probative value against the certain prejudicial effect on the Defendant's right to a fair trial, the evidence should not be admitted.  For all of the reasons stated above, and any further reasons that may be submitted at a hearing on this matter, the Defendant respectfully requests that this Honorable Court deny the Government's motion to admit the proffered evidence under Rule 404(b).

Respectfully submitted,

/s/

_____

Jonathan P. Van Hoven
One North Charles Street
Suite 1215
Baltimore, MD 21201
(410) 576-0689

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of April, 2014, a copy of the foregoing Defendant's Response in Opposition to the Government's Motion to Admit Evidence Under Federal Rule of Evidence 404(b), was filed via ECF to all parties.

/s/

_____

Jonathan P. Van Hoven