**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

|  |  |  |
|---|---|---|
| **THE UNITED STATES OF AMERICA** | * | |
| v. | * | Criminal No.: WDQ-13-0192 |
| **GREYLING CHASE** | * | |

\* \* \* \* \*

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE
IN OPPOSITION TO THE DEFENDANT'S PRETRIAL MOTIONS**

The Defendant, Greyling Chase, through counsel, Jonathan P. Van Hoven, hereby replies to the Government's Response to the Defendant's Pretrial Motions, and in support thereof respectfully submits the following:

**A. The government has not met its burden to prove that the statement taken at the time of the Defendant's arrest was legally obtained.**

The Government claims that the Defendant's statement was free and voluntary based on a proffer of what they contend to be the facts without the benefit of any evidentiary hearing on the matter. Missing in that proffer is that there was apparently no written Miranda waiver ever presented to the Defendant. Although a written waiver is not required, its absence should be a factor weighing against the government's burden to demonstrate that his statement was in fact free and voluntary.

Furthermore, the government is aware that the Defendant was using heroin during the time period of the this incident. This is yet another factor that weighs against the government's position that he knowingly and intelligently waived his right to remain silent.

Additionally, the Defendant, at the time that he made his statement to agents, was not made

1

aware that he was actually the subject of a reverse sting <u>and</u> that the person with whom he was alleged to have conspired was in fact a paid government informant. Therefore, the statement, like the rest of the evidence in this case, should be suppressed as "fruit of the poisonous tree" in light of the government's impermissible use of the reverse sting tactic at the inception of this case, as proscribed by the holding of *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 4079, L.Ed.2d 441 (1963).

**B. The Defendant's claim of outrageous government conduct is supported by recent evidence of a disturbing trend in this District as well as in other Circuits across the United States.**

Within the past few years, numerous prosecutions have been launched in this District wherein the accused were caught in reverse sting operations strikingly similar to the case at bar. *See e.g., United States v. Antonio Davis et al.,* 2013 WL 4026969 (D.MD. 2013); *United States v. Edward Ellis, et al,* JKB 12-0073; *United States v. Dawron Mason, et al.,* RDB-11-641; *United States v. Tracy Betters, et al.,* JKB-12-348; *United States v. Ted Duckett, et al.,* PWG-13-0626; *United States v. Shane Hare, et al.,* DKC-13-0650. With the addition of each new indictment, there is more reason to question why so many cases are being brought against similar individuals who, but for the government's suggestions and encouragement, might never have had the gumption to engage in such activity.

This trend is certainly not isolated to this District. *See, e.g.* "ATF Uses Fake Drugs, Big Bucks to Snare Suspects." USA Today, 28 June 2013 (Attached as Exhibit 1). It is now clear that the facts in this case are completely consistent with this new national trend in federal law enforcement to hire informants working off their own criminal conduct to trawl the streets in an effort to find people who might "take the bait." This is a grand departure from the rather more traditional and effective method of utilizing actual sworn law enforcement officers to investigate and

prosecute individuals who are <u>currently</u> engaged in the practice of committing these violent drug stash house robberies without the government's suggestion and encouragement.

In the past month, the United States District Court in the Central District of California dismissed an indictment in a very similar case based on due process grounds of outrageous government conduct. *United States v. Hudson*, 2014 WL 960860, C.D.Cal., Mar. 10, 2014, reconsideration denied (Mar 12, 2014). The court in *Hudson* strongly condemned the use of this exact type of reverse sting operation wherein the targets are not at all known to be currently in the business of conducting drug stash house robberies. In fact, one of the defendants there, just like the Defendant in the case at bar, had made it abundantly clear during the course of the illegal inducement that he was <u>not</u> a drug dealer. "So contrary to the Government's contention, Dunlap's 'admissions' only served to demonstrate that he had no propensity to commit drug crimes–the entire subject of the reverse sting." *Id.*  The Defendant urges the Court to consider the analysis and reasoning of the court in *Hudson.*

**C. This case is additionally unique due to the Government's use of a known BGF member to target and induce other alleged BGF members to commit the contrived crimes.**

As noted above, many critics of the current reverse sting trend in federal law enforcement find the practice highly suspect when government agents present scenarios to people who, due to their social and economic circumstances, and often, as is the case here, without any current predisposition to commit such large scale robberies, cannot pass up the opportunity of a dream-like economic windfall that is purposely presented to them. Additionally, the government and its agents cannot reasonably suggest that <u>every</u> member of a targeted group, especially a member who like the Defendant is comparatively quite older than almost all of the others, is <u>currently</u> predisposed to commit such a violent crime.

3

Here, the government went a step further: The government and its agents are well aware that BGF members in particular have taken an oath that can be reasonably construed as an obligation to assist other members who make requests of them, and that the penalty for refusing to do so can be fatal if presented by someone (like the paid informant here) who has a well-known violent criminal history. Nevertheless, the paid BGF informant specifically utilized by the government in this case targeted an individual who both he and the government knew would be reasonablely apprehensive of deadly reprisal should he refuse the solicitation presented to him. Therefore, the government purposely launched a sting operation with an element of coercion and duress built right into the formula. Such a tactic cannot pass muster under the due process protections afforded by the Constitution.

**D. Conclusion**

The Defendant recognizes that this Honorable Court recently presided over the *Davis* case, wherein similar claims were alleged in the pleadings. In fact, both the fake stash house scenario concocted by the agents as well as the paid informant in *Davis* are the same here. The Defendant nevertheless respectfully urges the Court to reconsider its prior rulings in light of the proliferation of these cases as well as the unique additional facts and circumstances of the Defendant's matter.

For all of the reasons stated above, and any further reasons that may be submitted at a hearing on this matter, the Defendant respectfully requests that this Honorable Court grant all of the relief requested in his pre-trial motions.

Respectfully submitted,

/s/

_____

Jonathan P. Van Hoven
One North Charles Street
Suite 1215
Baltimore, MD 21201
(410) 576-0689

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of April, 2014, a copy of the foregoing Defendant's Reply to the Government's Response was filed via ECF to all parties.

/s/

_____

Jonathan P. Van Hoven